47

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY          )
    COMMISSION,                                          )
                                                           )
                      Plaintiff,                      )
                                           )
v.                                                              )
                                               )
BANK OF AMERICA,                                    )
                                           )
                  Respondent.                )
                                           )

Case:2:11-mc-50676
Judge: Rosen, Gerald E.
MJ: Whalen, R. Steven
Filed: 06-01-2011 At 02:52 PM
EEOC VS BANK OF AMERICA (LH)

**Application For An Order To Show Cause Why
An Administrative Subpoena Should Not Be Enforced**

1.      This is an action for enforcement of a subpoena issued pursuant to Section 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-9, and Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a).

2.      Jurisdiction is conferred upon the court by Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), and by Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended, incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9, and Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

3.      Applicant and Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the federal agency charged with the administration, interpretation, and enforcement of Title VII, including the investigation of charges of unlawful employment practices, and is authorized to bring this action pursuant to Section 710 of Title VII, 42 U.S.C. § 2000e-9, and to Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

4.    The Respondent is an employer doing business in the State of Michigan with a facility at 36050 Woodward Avenue, Bloomfield Hills.

5.    On February 19, 2010, pursuant to its authority under 29 U.S.C. § 161 (incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9), the EEOC issued to the Respondent Subpoena No. DT-10-84, which was duly served on the Respondent.

6.    Subpoena No. DT-10-84 required the Respondent to produce information needed as part of the EEOC's investigation of a charge of unlawful employment practices, Charge No. 471-2009-01616, which has been filed against the Respondent.

7.    The Respondent has not filed a petition to revoke or modify the Subpoena.

8.    The Commission's Trial Attorney contacted the Respondent's Employee Relations Case Manager and certain documents were provided on May 28, 2010. Ex. H, Cover Letter.

9.    The Respondent claimed it had not received a copy of the subpoena, so a courtesy copy was faxed to Respondent on June 1, 2010. Ex. I.

10.    After reviewing the documents, the Trial Attorney determined that the Respondent had not complied with Subpoena Request Nos. 6 and 7, which required lists of employees (a) disciplined and (b) discharged since January 1, 2008.

11.    On August 26, 2010 EEOC Trial Attorney Dale Price emailed Respondent requesting a timeline for its compliance. Ex. J.

12.    Further, the communication clarified that the lists of employees sought was limited to those employees disciplined and discharged by the same decisionmakers involved in the Charging Party's situation.

13.    The Commission has received no response from the Respondent.

14.    The Respondent has refused to comply with Subpoena No. DT-10-84, Request Numbers 6 and 7.

15.    Respondent's failure to comply with the Subpoena has delayed and hampered the EEOC's investigation.

16.    The accompanying Declaration of Gail Cober, Detroit Field Office Director, filed concurrently herewith, and the attachments thereto, provide the factual support for this Application. The Declaration and the attachments are incorporated by reference into this Application.

WHEREFORE, the Equal Employment Opportunity Commission prays:

a) That the Court issue an Order directing the Respondent to appear before this Court and to show cause, if there be any, why an Order should not issue directing the Respondent to comply with the subpoena;

b) That, upon return of the Order to Show Cause, an Order issue directing the Respondent to comply with the subpoena; and

c) That the Equal Employment Opportunity Commission be granted its costs and such further relief as may be necessary and appropriate.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

Dated: June 1, 2011

DALE PRICE (P55578)
Trial Attorney

3

dale.price@eeoc.gov

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) MISC. ACTION NO. ) |
| v. | ) Honorable ) |
| BANK OF AMERICA, | ) ) |
| Respondent. | ) ) ) |

**Memorandum In Support of
Application for an Order to Show Cause Why an
Administrative Subpoena Should Not Be Enforced**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

DALE PRICE (P55578)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave., Room 865
Detroit, Michigan 48226

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF QUESTIONS PRESENTED ..................................................... iiv

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................... 1

III. ARGUMENT ............................................................................................... 2

    A.  The Respondent failed to exhaust its administrative remedies and therefore has waived all objections to enforcement of the subpoena.............................................................. 2

    B.  Independent of Respondent's waiver of its objections, it has no valid defense for failing to comply with the EEOC's subpoena. ................................................................ 3

        1.    The subpoena is valid and within the agency's authority. ........................................... 4

        2.    All procedural prerequisites have been fulfilled. ....................................................... 5

        3.    The information sought is relevant. ....................................................................... 5

    C.  Compliance With the Subpoena Does Not Impose an Undue Burden on the Respondent... 6

IV. CONCLUSION.............................................................................................. 7

INDEX OF EXHIBITS.......................................................................................... 8

ii

# TABLE OF AUTHORITIES

## Cases

*EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780 (7th Cir. 1983) ......................................................... 4

*EEOC v. C & P Tel. Co.*, 813 F. Supp. 874 (D.D.C. 1993).............................................................. 4

*EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426 (9th Cir. 1983) (*en banc*); ......................... 4

*EEOC v. Citicorp Diners Club*, 985 F.2d 1036 (10th Cir. 1993) ..................................................... 4

*EEOC v. City of Milwaukee*, 919 F. Supp. 1247 (E.D. Wis. 1996) ................................................ 3

*EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80 (4th Cir. 1995)............................................. 3, 4

*EEOC v. County of Hennepin*, 623 F. Supp. 29 (D. Minn. 1985) ................................................... 3

*EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062 (5th Cir. 1979)...............................................3

*EEOC v. Dillon Cos.*, 310 F.3d 1271 (10th Cir. 2002)................................................................ 3, 6

*EEOC v. Guess?, Inc.*, 176 F. Supp. 2d 416 (E.D. Pa. 2001) ..................................................... 3, 6

*EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920 (11th Cir. 1991) ........................................................ 3

*EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959 (D.C. Cir. 1999)..................................................... 3

*EEOC v. Md. Cup Corp.*, 785 F.2d 471 (4th Cir. 1986)......................................................... 3, 4, 6

*EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642 (7th Cir. 1995) ......................................................... 4

*EEOC v. Roadway Express, Inc.*, 261 F.3d 634 (6th Cir. 2001)..................................................... 6

*EEOC v. Roadway Express, Inc.*, 569 F. Supp. 1526 (N.D. Ind. 1983) ......................................... 3

*EEOC v. Shell Oil Co.*, 466 U.S. 54 (1984)..................................................................... 3, 4, 5, 6

*EEOC v. United Air Lines, Inc.*, 287 F.3d 643 (7th Cir. 2002) ............................................. 3, 4, 6

*EEOC v. Univ. of Pittsburgh*, 643 F.2d 983 (3rd Cir. 1981) ......................................................... 6

*Univ. of Pa. v. EEOC*, 493 U.S. 182 (1990) ............................................................................ 4, 6

## Statutes

29 U.S.C. § 161............................................................................................................................ 2, 4

42 U.S.C. § 2000e *et seq.*.................................................................................................... 1, 2, 4, 5

42 U.S.C. §12117(a) .........................................................................................................................2

## Regulations

29 C.F.R. § 1601.16(a)..................................................................................................................... 5

29 C.F.R. § 1601.16(b)(1)................................................................................................................ 3

**STATEMENT OF QUESTIONS PRESENTED**

1.   Is Respondent barred from challenging judicial enforcement of the subpoena due to its failure to exhaust available administrative remedies?

    The Commission says:        Yes.

2.   Is the Respondent prohibited from disregarding the Commission's administrative subpoena for the production of evidence necessary for investigating the Charge of Discrimination against Respondent?

    The Commission says:        Yes.

## I.    INTRODUCTION

This case is before the Court on the application of the Equal Employment Opportunity

Commission (the "EEOC" or "Commission") for an order to show cause why an administrative

subpoena should not be enforced. The EEOC is currently investigating a charge of race

discrimination filed against Bank of America ("Company" or "Respondent") under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with

Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). In the course of its investigation,

the EEOC issued a subpoena seeking documents relating to that investigation. The Respondent to

date has refused to produce requested documents, and that refusal has delayed and hampered the

investigation of the charge. The EEOC therefore applies to this Court to issue an Order To Show

Cause why the Subpoena should not be enforced.

## II.    FACTUAL BACKGROUND

The Charging Party filed a charge of discrimination alleging that the Company

discriminated against her on the basis of race and disability. Specifically, the Charging Party

alleges that she was subjected to harassment, discipline, and discharge because of her race and

disability. The EEOC sent the Respondent notice of the charge and began to investigate whether

Title VII and ADA had been violated.  Ex. A.

As a result of Respondent's failure to provide requested information, on February 19,

2010, the Director of the Detroit Field Office issued and served upon the Respondent a subpoena

for the information specifically identified above. Ex A.  The subpoena directed the Respondent

to produce the documents by March 5, 2010.  After the Commission's Trial Attorney contacted

1

the Respondent's Employee Relations Case Manager, some documents were provided on May 28, 2010. Ex. H, Cover Letter. The Respondent claimed it had not received a copy of the subpoena, so a courtesy copy was faxed to Respondent on June 1, 2010. Ex. I. After reviewing the documents, the Trial Attorney determined that the Respondent had not complied with Subpoena Request Nos. 6 and 7, which required lists of employees disciplined and discharged since January 1, 2008. On August 26, 2010 EEOC Trial Attorney Dale Price emailed Respondent requesting a timeline for its compliance. Ex. J. Further, the communication clarified that the lists of employees sought was limited to those employees disciplined and discharged by the same decisionmakers involved in the Charging Party's situation. To date, the Commission has received no response.

## III.    ARGUMENT

The Respondent failed to exhaust its administrative remedies and has therefore forfeited its right to challenge the subpoena. Independent of Respondent's waiver of its objections, the Company has no valid defense for failing to comply with the EEOC's subpoena.

### A.    The Respondent failed to exhaust its administrative remedies and therefore has waived all objections to enforcement of the subpoena.

Pursuant to 29 U.S.C. § 161[1] and 29 C.F.R. § 1601.16(b)(1), a recipient of an EEOC subpoena who does not intend to comply must petition the EEOC to revoke or modify the subpoena within five days of service of the subpoena. "A party's failure to attempt this administrative appeal procedure prevents the party from challenging the subpoena, except on

---

[1] This section is incorporated into Title VII by 42 U.S.C. § 2000e-9. The ADA fully incorporates the investigatory provisions of Title VII. See 42 U.S.C. § 12117(a). Thus, the references to enforcement provisions in this Memorandum will be to those set forth in Title VII.

2

constitutional grounds." *EEOC v. County of Hennepin*, 623 F. Supp. 29, 31-32 (D. Minn. 1985).

*Accord EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062, 1063-64 (5th Cir. 1979); *EEOC v. City of Milwaukee*, 919 F. Supp. 1247, 1255 (E.D. Wis. 1996); *EEOC v. Roadway Express, Inc.*, 569 F. Supp. 1526, 1528-29 (N.D. Ind. 1983); *see also EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959, 964 (D.C. Cir. 1999) ("section 1601.16(b)(1)'s mandatory language creates a strong presumption that issues parties fail to present to the agency will not be heard in court").

The Respondent did not petition the EEOC to revoke or modify the subpoena within five days, as required by the statute and the related regulations.  Indeed, Bank of America has never so petitioned. (Ex. A.) Consequently, all Respondent's objections to enforcement of the subpoena, other than constitutional objections, have been waived. Because Respondent does not, and cannot, raise any constitutional objections, the subpoena must be enforced.

**B.      Independent of Respondent's waiver of its objections, it has no valid defense for failing to comply with the EEOC's subpoena.**

Even if Respondent's objections are considered, the Company has no valid defense for failing to comply with the EEOC's subpoena. EEOC subpoena-enforcement proceedings are summary in nature and involve only limited judicial review. *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80, 82 (4th Cir. 1995); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986); *EEOC v. Guess?, Inc.*, 176 F. Supp. 2d 416, 420 (E.D. Pa. 2001); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984) (rejecting argument that notice of the charge was insufficient because allowing respondents to make such an argument would delay EEOC's investigations); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002)

3

(not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial"). To successfully petition a court to enforce an administrative subpoena, the Commission needs only to show that 1) the subpoena is within the agency's authority; 2) the demand is not too indefinite; and 3) the information sought is relevant to the investigation. *Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984); *United Air Lines*, 287 F.3d at 649; *City of Norfolk Police Dep't*, 45 F.3d at 82; *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc*); *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 788 (7th Cir. 1983). Once this showing has been made, a court will enforce the subpoena unless the Respondent can prove that the subpoena is unduly burdensome. *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995); *EEOC v. Citicorp Diners Club*, 985 F.2d 1036, 1040 (10th Cir. 1993); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475-76 (4th Cir. 1986); *Children's Hosp. Med. Ctr.*, 719 F.2d at 1428; *EEOC v. C & P Tel. Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993).

### 1.  The subpoena is valid and within the agency's authority.

First, Congress has authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging that Title VII and the ADA have been violated.  42 U.S.C. § 2000e-5(b) and 42 U.S.C. §§ 12101.  Congress has conferred on the Commission broad powers of access to records of those entities against whom charges have been filed, 42 U.S.C. § 2000e-8(a), including the authority to subpoena evidence in an investigation, 29 U.S.C. § 161 (incorporated into Title VII by 42 U.S.C. § 2000e-9).  The EEOC is investigating the Charging Party's allegations that the Respondent engaged in race and disability discrimination in violation of

Title VII and the ADA. Such an investigation is within the agency's statutory authority. Thus, the first prong of the test has been satisfied.

### 2.    All procedural prerequisites have been fulfilled.

Second, a valid charge has been filed and the subpoena contains all the information required by the EEOC's regulations. *See* 29 C.F.R. § 1601.16(a) (elements of subpoena).[2] *See also EEOC v. Shell Oil Co.*, 466 U.S. 54, 67-74 (1984) (addressing requirements of valid charge); 29 C.F.R. § 1601.12 (same). The Respondent does not, and cannot, allege that these basic requirements have not been met.

### 3.    The information sought is relevant.

Finally, the information sought by the subpoena is relevant to the issue of race and disability discrimination under investigation—it seeks comparative data on other employees disciplined and discharged by the same decisionmakers. The concept of relevancy during an EEOC investigation is broader than is that concept during litigation. Section 709(a) broadly grants the EEOC access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). "Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the Commission access to

---

[2] 29 C.F.R. § 1601.16(a) states, in relevant part:

> The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

virtually any material that might cast light on the allegations against the employer." *EEOC v.*
*Shell Oil Co.*, 466 U.S. 54, 68-69 (1984); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1274 (10th Cir.
2002); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 652 (7th Cir. 2002); *EEOC v. Roadway*
*Express, Inc.*, 261 F.3d 634, 639-40 (6th Cir. 2001); *EEOC v. Univ. of Pittsburgh*, 643 F.2d 983,
986 (3rd Cir. 1981). The Commission does not need to present a "specific reason for disclosure"
of the requested information, *Univ. of Pa. v. EEOC*, 493 U.S. 182, 194 (1990), and courts
generally will defer to the agency's appraisal of what is relevant "so long as it is not obviously
wrong," *EEOC v. Guess?, Inc.*, 176 F. Supp.2d 416, 421 (E.D. Pa. 2001).

It is undeniable that the requested information "might cast light on the allegations against
the employer." The Charging Party alleges that the Respondent harassed, disciplined, and
eventually discharged her because of her race and disability status. The EEOC seeks documents
reflecting the decisionmaker(s)'s history in disciplining and discharging employees.

Thus, the information is relevant to the investigation and the subpoena should be
enforced.

### C.      Compliance With the Subpoena Does Not Impose an Undue Burden on the Respondent.

It follows that the Court should enforce the subpoena unless the Respondent shows that
the cost of compliance with the subpoena is "unduly burdensome in the light of the company's
normal operating costs." *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986). The
Respondent does not, and could not, claim that compliance with the subpoena would impose an
undue burden on it—it merely has to produce lists of comparable employees, carefully limited in
scope as to both time and persons involved.

## IV. CONCLUSION

For the foregoing reasons, the Court should enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's enforcement authority. Further, the Respondent has not established that complying with the subpoena would be unduly burdensome. The Commission therefore urges the Court to issue the accompanying proposed Order to Show Cause, and, after giving the Respondent an opportunity to be heard, enforce the subpoena.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

Dated: June 1, 2011

DALE PRICE (P55578)
Trial Attorney
Dale.Price@eeoc.gov

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226

## INDEX OF EXHIBITS

Exhibit A –    Declaration of Gail Cober, Director Detroit Field Office

Exhibit B –    Charge of Discrimination

Exhibit C –    Michigan Department of Civil Rights Notice

Exhibit D –    Notice of Charge

Exhibit E –    Request for Information

Exhibit F –    Subpoena DT-10-84

Exhibit G –    Subpoena DT-10-84 Return Receipt

Exhibit H –    Cover letter from Respondent

Exhibit I –    Fax Cover Sheet for Subpoena

Exhibit J –    Email from Dale Price dated August 26, 2010

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
    COMMISSION, )
                                   )
              Plaintiff, )   MISC. ACTION NO.
                                   )
v. )   Honorable
                                   )
BANK OF AMERICA, )
                                   )
              Respondent. )
_____ )

### Declaration of Field Director

I, Gail Cober, solemnly state as follows:

1.      I am the Director of the Detroit Field Office of the Equal Employment Opportunity

Commission ("EEOC" or "Commission"), and, in that role, I am responsible for the operations

of the office, including the investigation of charges of employment discrimination.

2.      The Detroit Field Office is responsible for investigating charges that employers have

engaged in employment practices made unlawful by Title VII of the Civil Rights Act of 1964, as

amended,  42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act of

1990,  42 U.S.C. §§ 12101 *et seq.* ("ADA").

3.      Among the EEOC's investigative files in the Detroit Field Office is the charge file for

Charge No. 471-2009-01616 ("Charge"), filed against Bank of America ("Respondent") by

Charging Party Amanda Polk.

4.      I state the following based on my personal examination of the file for Charge No. 471-2009-01616:

   a.      On March 19, 2009, the EEOC's Detroit Field Office received the Charge, filed under Title VII by Charging Party Amanda Polk, alleging that Respondent discriminated against her on the basis of race and disability. (Ex. A.)

   b.      In accordance with its procedures, the EEOC transmitted the Charge to the Michigan Department of Civil Rights ("MDCR") on March 19, 2009, pursuant to the Worksharing Agreement in effect between the MDCR and the EEOC. (Ex. B.)

   c.      On March 19, 2009, the EEOC served the Respondent with notice of the Charge. (Ex. C.)

   d.      On November 16, 2009, the EEOC served a written Request for Information on the Respondent, returnable by December 2, 2009. (Ex. D.)

   e.      The Commission received no response to the Request.

   f.      On February 19, 2010, as part of its investigation of the Charge, the EEOC issued Subpoena No. DT-10-84, returnable on March 5, 2010, and served the Subpoena on the Respondent by certified mail. (Ex. E.)

   g.      The Respondent received Subpoena No. DT-10-84 on February 20, 2010. (Ex. E.)

   h.      After the Commission's Trial Attorney contacted the Respondent's Employee Relations Case Manager, some documents were provided on May 28, 2010.  Ex. H, Cover Letter.

i.      The Respondent claimed it had not received a copy of the subpoena, so a

courtesy copy was faxed to Respondent on June 1, 2010. Ex. I.

j.      After reviewing the documents provided by Respondent, the Trial Attorney

determined that the Respondent had not complied with Subpoena Request Nos. 6

and 7, which required lists of employees disciplined and discharged since January

1, 2008.

k.      On August 26, 2010 EEOC Trial Attorney Dale Price emailed Respondent

requesting a timeline for its compliance. Ex. J.  Further, the communication

clarified that the lists of employees sought was limited to those employees

disciplined and discharged by the same decisionmakers involved in the Charging

Party's situation.

5.      As of the date of this Declaration, the Respondent has failed to provide the EEOC with

the following information requested in Subpoena No. DT-10-84:  Identify by name, race, job title

and disability status, date and reason, all employees disciplined from January 1, 2008 to the

present by the same decisionmaker(s) and/or participant(s) involved in the decision to discipline

or discharge the Charging Party; and identity by name race, job title and disability status, date

and reason, all employees discharged from May 1, 2008 to the present by the same

decisionmaker(s) and/or participant(s) involved in the decision to discipline or discharge the

Charging party.

6.      The Respondent has not filed a Petition to Revoke or Modify the Subpoena, and the five-

day period for filing such a petition with respect to a Title VII subpoena has expired.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  June 1, 2011

_____
Gail Cober, Director
Detroit Field Office

# Exhibit B

Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 471-2009-01616 |

| Michigan Department Of Civil Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Amanda C. Polk | (248) 862-2262 | 05-09-1978 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6420 Heritage, West Bloomfield, MI 48322 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BANK OF AMERICA | 500 or More | (248) 644-5217 |

| Street Address | City, State and ZIP Code |
|---|---|
| 36050 Woodward Ave, Bloomfield Hills, MI 48304 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| ☒ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ AGE | ☒ DISABILITY | ☐ OTHER (Specify below.) | |

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 06-20-2008 | 02-26-2009 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for the above named Respondent on December 3, 2001, as a Consumer Loan Representative II, at the time of discrimination my position was Personal Banker.

Since June 20, 2008, I have been subjected to harassment and discipline due to my race, Black. I was disciplined for not hanging up my coat with the other employees, attendance, even when I was early to work. Management even adjusted my pay to indicate I had not worked to short my pay.

In January 2009, I told the Branch Manager that I had a medical condition.

On February 11, 2009, I was again unfairly written up by the Branch Manager. I expressed my intent to file a formal complaint with Human Resources.

On or about February 24, 2009, I called Human Resources regarding the discrimination I was suffering due to my race. I also requested FMLA documents due to my condition.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| Mar 19, 2009 | _Amanda Polk_ |
|---|---|
| Date | Charging Party Signature |

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)  3-19-09

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 471-2009-01616 |

| **Michigan Department Of Civil Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On February 26, 2009, I was discharged by the Branch Manager for negative behavior. I deny this allegation.

I believe I was harassed, disciplined and subsequently discharged due to my race, Black. I was also discharged in retaliation for complaining of discrimination and because the Respondent regarded me as disabled. In violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br> |
| Mar 19, 2009    *(signature)*<br>_____<br>Date      *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*    3/19/09 |

# Exhibit C

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| TO: | **Michigan Department Of Civil Rights**<br>**3054 W. Grand Blvd.**<br>**Suite 3-600**<br>**Detroit, MI 48202** |

Date **March 26, 2009**

EEOC Charge No.
      **471-2009-01616**

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| Amanda C. Polk | v. | BANK OF AMERICA |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC    [ ] _____ on **Mar 19, 2009**

                  *Name of FEPA*             *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

      [ ] EEOC requests a waiver               [ ] FEPA waives

      [ ] No waiver requested              [ ] FEPA will investigate the charge initially

           *Please complete the bottom portion of this form to acknowledge the receipt of the charge*
           *and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name of EEOC or FEPA Official<br>      **Danny G. Harter** | Signature/Initials |
|---|---|

| Amanda C. Polk | v. | BANK OF AMERICA |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name of EEOC or FEPA Official<br>      **Linda V. Parker** | Signature/Initials |
|---|---|

| | | |
|---|---|---|
| TO: | **Detroit Field Office**<br>**477 Michigan Avenue**<br>**Room 865**<br>**Detroit, MI 48226** | Date **March 26, 2009**<br>EEOC Charge No.<br>      **471-2009-01616**<br>FEPA Charge No. |

# Exhibit D

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Ms. Tammy Lee<br>Human Resources<br>BANK OF AMERICA<br>525 n Tryon Street<br>Charlotte, NC 28255 | **Amanda C. Polk** |

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**471-2009-01616**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act          [X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act          [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **16-APR-09** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **09-APR-09**
   to **Stephanie E. Perkins, ADR Coordinator, at (313) 226-4623**
   If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Peter N. Morelli,
**Enforcement Supervisor**

*EEOC Representative*

*Telephone* **(313) 226-3783**

**Detroit Field Office**
**477 Michigan Avenue**
**Room 865**
**Detroit, MI 48226**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [X] DISABILITY   [X] RETALIATION   [ ] OTHER

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| March 19, 2009 | Danny G. Harter,<br>Director | |

# Exhibit E



**U.S. Equal Employment Opportunity Commission**
**Detroit Field Office**

477 Michigan Avenue
Room 865
Detroit, MI 48226
(313) 226-4600
TTY (313) 226-7599
FAX (313) 226-2778
1-800-669-4000

November 16, 2009

Tammy Lee
Human Resource Manager
Bank of America
36050 Woodward Avenue
Bloomfield Hills, MI 48304

Re: *Amanda Polk v. Bank of America*
Charge No.: 471-2009-01616

Dear Ms. Lee:

I have been assigned to investigate the above referenced charge of discrimination. Please submit a response to the below request for information/records by **December 2, 2009:**

1.  Provide a wrtien statement and suppoting documentation addressing the issues the charging party raised in her charge of discrimination.

2.  Provide a copy of any and all policies and procedures governig discipline, discharge and time off.

3.  Provide a complete copy of the charging party's personnel file.

4.  Provide a complete copy of the charging party's medical file.

5.  Provide a copy of all documents relied upon to terminate the charging party.

6.  Identify by name, race, job title, disability stauts, date and reason all employees disciplined from January 1, 2008 to the present.

7.  Identify by name, job title, race, disability status, date and reason all employees discharged from January 1, 2008 to the present.

The EEOC has access to evidence and authority to issue a subpoena in instances where some party fails or refuses to cooperate with the investigation. While the EEOC attempts to gain voluntary cooperation with its investigation, be advised that failure to respond and provide evidence will result in the issuance of a subpoena.

If you have any questions, please feel free to contact me at (313) 226-4637.

Sincerely,

*A. Coburn*

A. Coburn
Investigator

# Exhibit F

EEOC Form 136
(Test 10/94)

# UNITED STATES OF AMERICA

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

TO:    Tammy Lee, HR Manager
Bank of America
36050 Woodward Avenue
Bloomfield Hills, MI 48304

NO. DT-10-84

IN THE MATTER OF:    Amanda Polk v. Bank of America

Charge No.    471-2009-01616

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official,  YOU ARE HEREBY REQUIRED AND DIRECTED TO:

| | Testify before: | X | Produce and bring * or | X | Mail * the documents described below to: |

| | Produce access to the evidence described below for the purpose of examination or copying to:

Antoinette Coburn, Investigator        of the Equal Employment Opportunity Commission

at    477 Michigan Avenue, Room 865, Detroit, MI 48226    on    March 5, 2010    at    3:00 pm    o'clock

The evidence required is

## SEE ATTACHMENT

This subpoena is issued pursuant to    X   (Title VII) 42 U.S.C. 2000e-9      (ADEA) 29 U.S.C. 626(a)      (EPA) 29 U.S.C.209

X    (ADA) 42 U.S.C. 12117(a)

ISSUING OFFICIAL (Typed name, title and address)        ON BEHALF OF THE COMMISSION

Gail D. Cober
EEOC Field Director
477 Michigan Avenue, Room 865
Detroit, MI 48226

_Gail D. Cober_        2/19/10

                                                        Date

*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to a Commission office unless the box "Testify before" is also checked on the subpoena.

Attachment to Subpoena No.: __DT-10-84__   Dated: February 19, 2010   Charge No.: 471-2009-01616

1.   Provide a copy of any and all policies and procedures governing harassment, discipline and discharge.

2.   Provide a copy of any and all disciplinary actions against the Charging Party.

3.   Provide a complete copy of the Respondent's investigative file incluidng the outcome of the investigation into the Charging Party's racial complaint to Human Resources.

4.   Provide a complete copy of the Charging Party's medical and personnel files.

5.   Provide a copy of all documents created and/or relied upon to terminate the Charging Party.

6.   Identify by name, race, job title, disability stauts, date and reason all employees disciplined from January 1, 2008 to the present.

7.   Identify by name, job title, race, disability status, date and reason all employees discharged from May 1, 2008 to the present.

_____2/19/10_____

Dated

Gail D. Cober
Field Director

# SUBPOENA

## PROOF OF SERVICE

I hereby certify that being over 18 years of age and not a party to or any way interested in these proceedings, I duly served a copy of the subpoena on the persons named in this subpoena.

☐ in person

☒ by certified mail

☐ by leaving a copy with a responsible person, at the

principal office or place of business, to wit:

Name _____ Antoinette Coburn _____

Position _____ Investigator _____

Address _____ EEOC - 477 Michigan Avenue, Rm. 865, Detroit, MI 48226 _____

On _____

(Mo, day & year)

_____

(Signature of person making service)

_____

(Official title, if any)

State _____ Michigan _____

Parish/ County _____ Wayne _____

## CERTIFICATION OF ATTENDANCE

I certify that the person named herein was in attendance and satisfactorily produced the records requested or gave oral testimony at

_____

On _____

(Mo, day & year)

_____

(Signature of person making service)

_____

(Official title, if any)

**ER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tammy Lee, Human Resource Mgt.
Bank of America
36050 Woodward Avenue
Bloomfield Hills, MI  48304

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_____   2·20·10

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

FEB 20 2010

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7004 2510 0006 2731 3188

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540



UNITED STATES POSTAL SERVICE

AC-471-9-01616 Subpoena

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Equal Employment Opportunity Commission
RM 865 Patrick V. McNamara Bldg.
477 Michigan Ave.
Detroit, MI 48226

# Exhibit G

 **UNITED STATES POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7004 2510 0006 2731 3188
Status: **Delivered**

Your item was delivered at 11:02 am on February 20, 2010 in
BLOOMFIELD HILLS, MI 48304. A proof of delivery record may be
available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )  (?)  ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

( Go > )

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

# Exhibit H

Global Human Resources
Case Management



**Bank of America**

<u>**Via Overnite Delivery**</u>

May 27, 2010

Equal Employment Opportunity Commission
Detroit Field Office
Attention: Dale Price, Esq.
477 Michigan Ave. Room 865
Detroit, MI 48226

Subject:   **Amanda Polk**
           **EEOC Chg # 471-2009-01616**

Dear Mr. Price:

Please accept my apology on behalf of Bank of America regarding our failure to respond to said subpoena issued by your office sometime in February 2010. I have searched for said subpoena and have been unsuccessful in tracking it down; thus explaining why the Company has failed to respond. Additionally, as I have not seen the subpoena, I cannot begin to assume what information has been requested.

However, I have enclosed a copy of the Bank's position statement dated April 25, 2009, which was sent to Investigator Peter Morelli. I have also enclosed a copy of Ms. Polk's personnel and medical files which were requested by Investigator A. Coburn on November 16, 2009. These files were sent to Investigator Coburn on December 2, 2009.

Additionally, I requested an updated copy of Ms. Polk's medical file for your review. The enclosed file is current as of today's date, May 28, 2010.

I'm also providing a copy of the correct mailing address and fax number which all complaints and correspondence should be directed. I pray this information will eliminate any further misplaced and/or misdirected correspondence.

Thank you for your time, patience, and understanding. Should you have any questions or concerns, I can be reached during normal business hours either by telephone or email.

Sincerely,

Yolanda Vera
Employee Relations Case Manager
Tel (602)-237-9979
Fax (214)-672-8601

*yolanda.m.vera@bankofamerica.com*

Bank of America, AZ1-200-14-55
P.O. Box 29961, Phoenix, AZ 85038

# Exhibit I



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

477 Michigan Avenue, Room 865
Detroit, MI 48226
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Detroit Status Line: (866) 408-8075
Detroit Direct Dial: (313) 226-7638
TTY (313) 226-7599
FAX (313) 226-2778

DATE _6-1-10_

UNIT SENDING _DTFO Legal_

SENDING UNIT CONTACT PERSON _Dale Price_

CONTACT PERSON'S TELEPHONE NUMBER _(313) 226-7808_

The attached document consisting of ___3___ original pages (not including the transmittal sheet) is being sent by the Detroit Field Office of the EEOC to the following recipient(s):

Name _Yolanda Vera_

Office _Employee Relations Case Manager_

Unit _____

Telephone Number _(602) 237-9979_

Fax Number _(214) 672-8601_

COMMENTS and/or INSTRUCTIONS:

_A copy of the subpoena, DT-10-84._

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 06/01/2010 17:21
                                    NAME  : US EEOC
                                    FAX   : 3132266584
                                    TEL   :
                                    SER.# : BROA8J759942
```

```
        DATE,TIME             06/01  17:20
        FAX NO./NAME          912146728601
        DURATION              00:00:33
        PAGE(S)               04
        RESULT                OK
        MODE                  STANDARD
                              ECM
```



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Detroit Field Office

477 Michigan Avenue, Room 865
Detroit, MI 48226
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Detroit Status Line: (866) 408-8075
Detroit Direct Dial: (313) 226-7638
TTY (313) 226-7599
FAX (313) 226-2778

**DATE** _6-1-10_

**UNIT SENDING** _DTFO Legal_

**SENDING UNIT CONTACT PERSON** _Dale Price_

**CONTACT PERSON'S TELEPHONE NUMBER** _(313) 226-7808_

The attached document consisting of _____3_____ original pages (not including the transmittal sheet) is being sent by the Detroit Field Office of the EEOC to the following recipient(s):

**Name** _Yolanda Iera_

**Office** _Employee Relations Case Manager_

**Unit** _____

**Telephone Number** _(102) 237-9979_

**Fax Number** _(214) 672-8601_

**COMMENTS and/or INSTRUCTIONS:**

_A copy of the subpoena, DT-10-84._

# Exhibit J

| | |
|---|---|
| **From:** | DALE PRICE |
| **To:** | yolanda.m.vera@bankofamerica.com |
| **Date:** | 8/26/2010 4:20 PM |
| **Subject:** | Investigation of Amanda Polk Charge |

Dear Ms. Vera:

I greatly appreciate you sending me the documents with respect to the Charge of Discrimination filed by Amanda Polk with our office.

As you may remember, I faxed you a copy of the subpoena. From my review of the documents, your mailing addresses all of our requests with the exception of Nos. 6 and 7.

However, I want to clarify that the requests are meant to be narrower than they appear on the subpoena:

6. Identify by name, race, job title and disability status, date and reason, all employees disciplined from January 1, 2008 to the present by the same decisionmaker(s) and/or participant(s) involved in the decision to discipline or discharge the Charging Party.

7. Identify by name, race, job title and disability status, date and reason, all employees discharged from May 1, 2008 to the present by the same decisionmaker(s) and/or participant(s) involved in the decision to discipline or discharge the Charging Party.

I apologize for the misunderstanding, and would appreciate it if you could give me a timeframe for production of these items.

Thanks,


Dale Price
Trial Attorney
EEOC
Detroit Field Office
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 226-7808/6584 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY  )
 COMMISSION,         )
              )
     Plaintiff,    ) MISC. ACTION NO.
              )
v.             ) Honorable
              )
BANK OF AMERICA,     )
              )
     Respondent.   )
              )

### Order To Show Cause

   The Equal Employment Opportunity Commission has filed an Application for an Order

to Show Cause why a certain administrative subpoena should not be enforced. Subpoena No.

DT-10-84 was served on the Respondent pursuant to Section 710 of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e-9, and Section 107(a) of the Americans with

Disabilities Act of 1990, 42 U.S.C. § 12117(a) on February 20, 2010 in the investigation of

Charge No. 471-2009-01616. The Commission having duly served the subpoena upon the

Respondent, and the Respondent having failed to comply within the period designated in the

subpoena, it is hereby

   ORDERED that Respondent appear on the _____ day of _____, 20___,

at _____ in Courtroom _____, United States Courthouse, 231 West Lafayette

Boulevard, Detroit, MI, and show cause why it should not be compelled to comply with the

subpoena issued to it; it is further

ORDERED that the Respondent be served with a copy of this Order to Show Cause on or before the _____ day of _____, 20___; and it is further

ORDERED that the Respondent file and serve its answer to the Application no later than the _____ day of _____, 20___.


Dated: _____                    _____
                                            UNITED STATES DISTRICT JUDGE